ARGUED AND DETERMINED

AT

# NISI PRIUS.

SITTINGS AFTER MAY TERM, 1816.

CORAM SPENCER, J.

DENTON et al. *against* BOURS and McGREGOR, et al.

The plea of *non est factum* puts the execution of the deed alone in issue. The defendant need not plead more of a deed than makes for him; the plaintiff, if he relies on conditions, must plead them by way of replication.

ASSUMPSIT on several promissory notes.

Plea, covenant not to sue.

*Repn. non est factum.*

The deed, when produced under this issue, appeared to be a composition deed, subject to two conditions : First, to the

16

payment of a certain sum of money, on a special day; and, secondly, to be void, unless signed by all the creditors.

*Ogden*, for plaintiff, contended that the plea was not supported by the proof, the deed pleaded, being an absolute deed, and the one produced, a conditional one; and that the defendants ought, at all events, to prove performance of the conditions, in order to give it effect as an absolute deed.

*Emmet*, contra, contended that, under the issue, it was enough for the defendants to produce and prove the deed; that if the plaintiff intended to rely on the non-performance of the conditions, he ought to have availed himself of them in his replication.

SPENCER, J.   Upon the plea of *non est factum*, the execution of the deed is alone in controversy.   The defendant is not bound to plead more of the deed than makes for him.   If the plaintiff intended to rely on the condition, he ought to have pleaded it by way of replication.(1)

*Manning* and *D. B. Ogden*, for plaintiff.

*Ely, McCoun*, and *Emmet*, for defendant.

(1) The material part of the covenant omitted in the defendant's plea, was in the nature of a condition precedent, the covenant was to be void, if not signed by all the creditors.   The plea was certainly bad in this particular; but the only mode for the plaintiff to avail himself of it, was by craving oyer of the covenant, enrolling it, and demurring: for, the defendant, by only showing part of the indenture, deprives the plaintiff of the opportunity of assigning a breach in the other part omitted. *Hudson* v. *Spier*, 3 Lev. 50; Com. Pleader, 2 v. 3.   *Non est factum*, in covenant, only puts the deed in issue. 1 Chitty, 482.   Thus, in the case of *Gordon* v. *Gordon*, (1 Starkie, 294,) which was an action of covenant, to which defendant pleaded *non est factum*.